IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VERNON EVANS, JR.** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. L-06-149 |
| | : | |
| **MARY ANN SAAR, et al.** | : | |
| Defendants. | : | |
| | : | |

MEMORANDUM

**I.   Introduction**

The State moved to dismiss Vernon Evans's ("Evans") § 1983 complaint, arguing that he failed to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[1]  In a separate order, the Court will deny the motion.

It would make no legal or practical sense to dismiss Evans's suit at this juncture.  As will be discussed, exhaustion is not a jurisdictional requisite for a § 1983 suit.[2]  Evans has now exhausted his administrative remedies, discovery is complete, and the case is scheduled for trial in less than one week.  Moreover, were the Court to dismiss the suit, Evans, having now exhausted, could immediately refile it and the case would proceed to the scheduled trial date.  So, securing a dismissal would be a fruitless victory for the State.  Hence, the case will not be dismissed.

---

[1]  "No action shall be brought with respect to prison conditions under section [1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[2]  See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005).

**II.     Background**

In 1984, Evans was sentenced to death in the State of Maryland for the contract murders of two witnesses in a drug prosecution case. He appealed his conviction, which was affirmed by the Court of Appeals in 1985. The Supreme Court denied certiorari in 1986. Evans filed a state habeas petition in 1991. The Circuit Court of Worcester County vacated his sentence (but not the underlying convictions) in 1992. A jury sentenced Evans to death a second time in 1992. His direct appeal was denied, and the Supreme Court denied certiorari in 1994. In 1995, Evans filed a state habeas petition, which the Circuit Court for Baltimore County denied in 1997. Evans then filed for federal habeas relief, which the United States District Court for the District of Maryland denied in 1999. Since 1999, Evans has attempted several times to reopen his state and federal post-conviction cases based on a number of arguments. He currently has claims pending before the Maryland Court of Appeals.[3]

In 1994, the State of Maryland adopted lethal injection as a method of execution. On June 9, 2004, the Maryland Court of Appeals found that the lethal injection protocol does not violate the Maryland Code or constitute cruel and unusual punishment.[4] Maryland's most recent Execution Manual, which contains the Lethal Injection Protocol, was made final on November 21, 2005.

On December 9, 2005, Evans filed a Request for Administrative Remedy ("Request"), claiming that the existing lethal injection procedures violate his rights under the Eighth and

---

[3]     For more detail regarding the pending State claims, see "Summary of Procedural History in Evans v. State since June 1999" filed by the State on January 26, 2006 (Docket 28).

[4]     Oken v. State, 851 A.2d 538 (Md. App. 2004).

Fourteenth Amendments of the United States Constitution and Articles 16, 24, and 25 of the Maryland Declaration of Rights, and requesting that new lethal injection procedures be issued.[5] Such a request must be filed within 15 days "from the date on which the incident or complaint occurred" or "the date the inmate first gained knowledge of the incident." DCD 185-101. On January 3, 2006, the Warden timely denied the Request.[6] Evans timely filed an appeal to the Commissioner on January 9, 2006. That same day, Judge John G. Turnbull signed a warrant of execution. Under the warrant, the State was required to execute Evans at some point during a five-day period beginning on February 6, 2006.

On January 19, 2006, Evans filed this § 1983 suit. After three days of hearings, the Court denied Evans's motion for a temporary restraining order and preliminary injunction on February 1, 2006. The Court found that Evans could not show the likelihood of success on the merits required for a stay. Because the execution was imminent, and because exhaustion is not jurisdictional, the Court declined to find that Evans's claims were procedurally barred due to failure to exhaust. Evans v. Saar, et al., 412 F. Supp. 2d 519 (D. Md. 2006).

On February 6, 2006, the Maryland Court of Appeals stayed Evans's execution to hear oral argument on four Evans-related cases. Evans's federal case could, therefore, proceed on a measured, albeit expedited, timeline.[7] The Court held a discovery conference and set a trial

---

[5] See *Request for Administrative Remedy*, Defs.' Mot. Dismiss at Ex. A, Allen Aff., at Ex. 3, Docket No. 63. This Request was filed pursuant to the Department of Correction's ("DOC") Administrative Remedy Procedure for challenging "institutional policies and procedures." Division of Correction Directive ("DCD") 185-002.

[6] Under DCD 185-101, the Warden has 30 days to respond to the Request.

[7] Evans had appealed this Court's ruling to the United States Court of Appeals for the Fourth Circuit. When the State Court stayed the execution, Evans moved to dismiss his appeal in the federal appellate court.

3

according to the best thinking of counsel that the Court of Appeals would likely deliver its rulings in the late summer or early fall of 2006.[8]  The trial was set for September 18th, to allow the case to be resolved on the merits before a new warrant of execution issued.

So that discovery would not be delayed, the Court ordered that any threshold motion to dismiss would not be heard until the close of discovery.  The Court instructed the State to file an answer, noting any grounds for dismissal under Federal Rule of Civil Procedure 12(b).  The State moved to dismiss on the ground that Evans had failed to exhaust his administrative remedies before filing suit, as required by the PLRA.  The Court administratively closed the motion until after discovery was over.

While this case was proceeding, Evans continued to pursue his administrative remedies.  As already stated, Evans filed a Request for Administrative Remedy on December 9, 2005.  On January 3, 2006, the Warden denied the Request, stating that Evans was not entitled to bring a grievance based on the State's Execution Protocol, and that the Protocol did not constitute cruel and unusual punishment.[9]  Nowhere did the Warden say that Evans's Request was time-barred because it was filed beyond the 15-day limitations period.[10]

---

[8]     The Maryland Court of Appeals has not yet made its rulings.

[9]     *Request for Administrative Remedy*, Defs.' Mot. Dismiss at Ex. A, Allen Aff., at Ex. 3,  Docket No. 63.

[10]    During the injunction proceedings, the State took the position that Evans waited until the last minute to initiate administrative proceedings and to file suit.  Evans's objective, the State contended, was to use time pressure as a tool to force the Court to delay the execution.  This argument has been overtaken by the stay, which afforded the time needed for Evans to exhaust and for the parties to fully litigate the case.

Moreover, the State nowhere maintains that Evans forfeited his right to pursue an administrative remedy–and hence this suit–by failing to file an administrative complaint within 15 days of the triggering event, as required by DCD 185-101.  In the normal context of a prisoner's § 1983 suit, the plaintiff is complaining of some event that has already occurred.  It is,

4

Evans filed an appeal to the Commissioner, Patricia Allen.  On February 27, 2006, the Commissioner responded, saying, "Your appeal has been reviewed and is hereby dismissed.  The warden conducted a proper investigation into your complaint.  You have provided nothing to refute the response."[11]  Commissioner Allen also did not suggest that Evans's Request was time-barred.

Under the Code of Maryland Regulations, the next step in the administrative process was for Evans to file an appeal to the Inmate Grievance Office ("IGO").[12]  Evans filed his appeal with the IGO on March 14, 2006.  The DOC requested that the IGO stay a hearing before an Administrative Law Judge ("ALJ") pending the outcome of the pending state and federal cases.[13]

---

therefore, a simple matter to determine the "triggering" date that begins the 15-day period during which the prisoner must file his administrative complaint.  A death penalty case is unusual in that the § 1983 suit seeks to prevent a future event, in this case an execution under the lethal injection protocol.  Selecting the triggering date after which Evans should have promptly initiated administrative proceedings is not a straightforward task.  Evans's Request noted that "in recent days, the state's attorneys for Baltimore County [] issued statements to the press indicating they plan to seek warrants of execution in the very near future."  *Request for Administrative Remedy*, Defs.' Mot. Dismiss at Ex. A, Allen Aff., at Ex. 3,  Docket No. 63.  At the hearings in January, the State and Evans offered several dates that could have triggered the 15-day period.  It could have been when Evans was convicted, when the conviction became final, when he exhausted his state habeas claims, when he exhausted his federal habeas claims, when Maryland enacted its lethal injection statute, when the MDPSCS finalized the Execution Manual, or when the warrant of execution issued.  The Court need not grapple with that question here, because the State does not contend that Evans missed the 15-day window.

[11]     *Appeal of Administrative Remedy Response*, Defs.' Mot. Dismiss at Ex. A, Allen Aff., at Ex. 3,  Docket No. 63. Under DCD 185-101, the Commissioner has 30 calendar days to respond to the appeal.  Accordingly, the Commissioner was supposed to respond by February 8, 2006.

[12]     Md. Code Regs. 12.07.01.06(B)(2005).  A complaint or appeal with the IGO triggers a whole new tier of administrative process, described in detail in the State's Motion to Dismiss at pages 5-8.  (Docket No. 63).

[13]     *Letter from Scott A. Oakley, Assistant Attorney General, to Marvin Robbins, Executive Director, Inmate Grievance Office* (March 20, 2006),  Pl.'s Opp. at Ex. E, Docket No.

The IGO denied the request. On June 2, 2006, the ALJ issued a "Proposed Ruling on Cross Motions for Summary Judgment," finding a genuine issue of material fact as to whether Maryland's Lethal Injection Protocol would subject Evans to cruel and unusual punishment. The ALJ recommended to Secretary Saar that the Office of Administrative Hearings hold an evidentiary hearing.[14]

On June 27, 2006, Secretary Saar ordered that the Proposed Ruling of the ALJ recommending an evidentiary hearing be stayed "until the United States District Court for the District of Maryland renders its decision on the constitutionality of the execution procedures as applied to [Evans]."[15]  The State agrees that Evans has now met the exhaustion requirement.[16]

## III.    Conclusion

Discovery in this case is complete and trial is set to begin in less than a week. Evans has

---

114.

[14]    *Proposed Ruling on Cross Motions for Summary Judgment*, Pl.'s Opp. at Ex. A, Docket No. 114.

[15]    *Department of Public Safety and Correctional Services Order of the Secretary*, Pl's Opp. at Ex. B, Docket No. 114.

[16]    It is unclear whether he exhausted on March 14th (when he filed with the IGO), on June 2nd (when the IGO's ALJ gave her report and recommendations to Secretary Saar), or on June 27th (when Secretary Saar stayed the matter). "The exhaustion requirement under the PLRA has been interpreted to require prisoners to pursue administrative grievances until they receive a final denial of their claim, appealing through all available stages in the administrative process." Chase v. Peay, 286 F. Supp. 2d 523, 530 (D. Md. 2003). The State interprets this to mean that an inmate must "pursue an administrative grievance until he receives a final decision of the Secretary,"(Def's Mot. Dismiss, Docket No. 63 at 9), which here is effectively June 27th.

exhausted his administrative remedies.  Accordingly, the Court will REOPEN and DENY the

State's Motion to Dismiss.


Dated this 14th day of September, 2006.                             /s/
                                                                       Benson Everett Legg
                                                                       Chief Judge